JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:16-cv-1414-JLS-DFMx  Date: January 24, 2017
Title:  David L. Tripp II v. Nationstar Mortgage LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 21); AND (2) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (Doc. 13)**

Before the Court are two Motions.  One is a Motion to Remand filed by Plaintiff David L. Tripp II.  (Remand Mot., Doc. 21.)  Defendant Nationstar Mortgage LLC opposed, and Tripp replied.  (Remand Opp., Doc. 27; Remand Reply, Doc. 29.)  The other is a Motion to Dismiss filed by Nationstar.  (Dismissal Mot., Doc. 13.)  Tripp opposed Nationstar's Motion, and Nationstar replied.  (Dismissal Opp., Doc. 17; Dismissal Reply, Doc. 24.)  The Court finds these matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing and the scheduling conference set for January 27, 2017, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court GRANTS the Motion to Remand and DENIES the Motion to Dismiss as moot.

**I.    BACKGROUND**

In 2007, Tripp was allegedly solicited by Countrywide Home Loans, Inc. for a home loan and was steered into an adjustable rate mortgage.  (Compl. ¶ 6, Doc. 1.)  After taking out the loan, Countrywide transferred the loan to Bank of America.  (*Id.*)  Under the terms of the loan, the minimum payment did not cover the interest due, which

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:16-cv-1414-JLS-DFMx | Date: January 24, 2017 |
| Title: David L. Tripp II v. Nationstar Mortgage LLC | |

resulted in negative amortization if Tripp made only the minimum payment each month. (*Id.* ¶ 7.) Although Tripp made mortgage payments for several years, the principal amount only increased. (*Id.* ¶ 8.) At some point, Tripp realized that he could not sustain the full monthly payments on his loan and sought assistance from Bank of America. (*Id.* ¶¶ 9–10.) Tripp tried to obtain a loan modification through Bank of America but was unable to do so before the loan was transferred from Bank of America to Nationstar. (*Id.* ¶¶ 10–12.) Nationstar informed Tripp that it could not continue with the old loan modification process that Tripp had initiated with Bank of America, and Tripp would have to start over from the beginning. (*Id.* ¶ 12.)

As before, Tripp provided all of the same paperwork to Nationstar that he had provided to Bank of America. (*Id.* ¶ 13.) After waiting several weeks, Tripp called Nationstar to check on the status of the modification, at which time he was told to send the same paperwork again. (*Id.*) During this same time period, Nationstar began the process of filing a notice of default and commencing foreclosure proceedings. (*Id.*) Sometime in 2014, Tripp was served the notice of default by Nationstar. (*Id.* ¶¶ 13, 15.) Tripp immediately called Nationstar to inform it of the loan modification review, but Nationstar told Tripp that his paperwork was submitted two days too late. (*Id.* ¶ 14.)

In 2015, Tripp filed a complaint against Nationstar. (*Id.* ¶ 18.) During the lawsuit, Nationstar offered to conduct a good faith loan modification review in exchange for dismissal from the lawsuit. (*Id.*) Tripp agreed to the proposal and dismissed the complaint. (*Id.*) On October 6, 2015, Tripp provided Nationstar with a new loan modification application. (*Id.* ¶ 19.) Thereafter, Tripp continued to provide Nationstar with various documents through March 2016. (*Id.*)

In March 2016, Tripp inquired into the status of his application. (*Id.* ¶ 20.) Nationstar informed Tripp that there was no decision on his loan modification application and that he would have to speak with the "single point of contact" ("SPOC"). (*Id.*) Tripp informed Nationstar that the SPOC changed regularly and he did not understand who it was currently. (*Id.*) Some point afterwards, Tripp's home was placed in foreclosure. (*See id.* ¶ 73.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-1414-JLS-DFMx                         Date: January 24, 2017
Title: David L. Tripp II v. Nationstar Mortgage LLC

On June 24, 2016, Tripp filed a Complaint in Orange County Superior Court against Nationstar for (1) violation of the homeowner's bill of rights, (2) intentional misrepresentation, (3) negligence, (4) violation of Section 17200 of the California Business and Professions Code, (5) breach of contract, (6) breach of the implied covenant of good faith and fair dealing, and (7) promissory estoppel. (Compl.) On July 29, 2016, Nationstar removed the action to this Court on the grounds of diversity jurisdiction. (Notice of Removal, Doc. 1.)

Tripp now moves to remand the action back to state court, and Nationstar moves to dismiss the action. (Remand Mot.; Dismissal Mot.) Because the Court concludes that remanding the action is proper, the following analysis focuses on Tripp's Motion to Remand.

## II. LEGAL STANDARD

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Whether removal is proper is determined solely on the basis of the pleadings filed in state court, and any post-removal amendments to the pleadings do not affect whether a case was removable. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. *Id.* at 977.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-1414-JLS-DFMx		Date: January 24, 2017
Title: David L. Tripp II v. Nationstar Mortgage LLC

However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B). Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (quotation marks omitted).

### III. DISCUSSION

The sole dispute between the parties on Tripp's Motion to Remand is whether the amount-in-controversy requirement is met for diversity jurisdiction. Tripp argues that neither the loan amount nor the appraised value of his home is the proper measure for the amount in controversy because he is not seeking rescission of the loan, but other damages under state-law claims. (Remand Mem. at 7, Doc. 21.) Nationstar asserts that Tripp's requests for declaratory and injunctive relief are sufficient bases for the Court to look to the amount of Tripp's loan or the value of his home for the amount-in-controversy. (Remand Opp. at 4–5.) Tripp counters that where the requested injunction would be only

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:16-cv-1414-JLS-DFMx | Date: January 24, 2017 |
| Title:  David L. Tripp II v. Nationstar Mortgage LLC | |

temporary, the amount of the loan at issue is not the relevant measure of damages. (Remand Reply at 3–5.)

Upon reviewing the cases and the pleadings, the Court concludes that Nationstar has failed to meet its burden of proving the amount-in-controversy requirement. Nationstar pins its arguments on two statements in Tripp's Complaint: (1) Tripp's request for a permanent injunction "prohibiting Defendant . . . from foreclosing, evicting, instituting, prosecuting, or maintaining sale proceedings" on his home; and (2) Tripp's request for a declaratory judgment that he "is the sole owner in fee simple of the real property described herein." (Compl., Prayer for Relief ¶¶ 4, 6.)  However, this narrow focus on the requested relief ignores the context in which the request is made.

Tripp makes clear in his Complaint that what he has been seeking from Nationstar this entire time has been a loan modification.  (*See* Compl.)  "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin foreclosure sale *pending a loan modification*."  *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (citing other cases doing the same). This is clearly the relief Tripp seeks because the Homeowner Bill of Rights authorizes injunctive relief only until the defendant "show[s] that the material violation has been corrected and remedied."  Cal. Civ. Code §§ 2924.12(a), 2924.19(a).  Where the injunction would only delay foreclosure proceedings, the amount-in-controversy "is similar to the costs at issue in unlawful detainer actions . . . *i.e.*, the rental value of the properties at issue."  *Cross v. Home Loan Mortg. Corp.*, No. CV 11-04728 DMG (RZx), 2011 WL 2784417, at *3 (C.D. Cal. Jul. 15, 2011).  Nationstar makes no showing that the costs of a temporary injunction would exceed $75,000.

With respect to Tripp's request for declaratory relief, nothing in the Complaint indicates that such relief would be the equivalent of rescinding the loan.  A declaratory judgment that Tripp is the "sole owner in fee simple of the real property described herein" would not mean that he no longer has to pay off his loan.  Accordingly, it is inappropriate to rely on the amount of the loan or the appraised value of Tripp's home as

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-1414-JLS-DFMx  Date: January 24, 2017

Title: David L. Tripp II v. Nationstar Mortgage LLC

the amount in controversy, particularly where Tripp is seeking a loan modification so that he can continue making payments.

Moreover, nowhere in Tripp's Complaint does he expressly request rescission of the loan. Rather, Tripp's asserted claims for intentional misrepresentation, negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel are for damages flowing from Nationstar's conduct during the loan modification process. Tripp alleges that Nationstar's conduct resulted in the following harm: bad credit ratings; lost time, effort, and money spent attempting to obtain a loan modification; payment of increased interest; longer loan payoff times; higher principal balances; additional income tax liability; deterrence from seeking other remedies; and expenses incurred to prevent foreclosure. (Compl. ¶¶ 32, 43, 51.) These harms are not appropriately measured by the total value of the loan or by the appraised value of Tripp's home, and Nationstar provides no evidence as to what the measure of these damages might be.

> "Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount under claims such as breach of fiduciary duty, negligence, negligent misrepresentation, intentional misrepresentation, fraud, violation of California Business and Professions Code section 17200, slander of title, defamation, and intentional infliction of emotional distress, the amount in controversy is 'not properly gauged by the loan amount.'"

*Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-cv-00490-MCE-EFB, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) (citing other cases).

Accordingly, the Court concludes that Nationstar has failed to prove that the amount-in-controversy requirement is met, and the Court GRANTS Tripp's Motion to Remand. Nationstar's Motion to Dismiss is therefore DENIED as moot.

//
//

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-1414-JLS-DFMx                              Date: January 24, 2017

Title: David L. Tripp II v. Nationstar Mortgage LLC

## V. CONCLUSION

For the foregoing reasons, Tripp's Motion to Remand is GRANTED. The Court therefore REMANDS this matter to the Superior Court of California in Orange County (30-2016-00859923-CU-FR-CJC) and VACATES all scheduled dates. Nationstar's Motion to Dismiss is DENIED as moot.

Initials of Preparer: tg